UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-11371-RWZ

SOURCE ONE FINANCIAL CORPORATION

v.

GEICO INDEMNITY COMPANY

ORDER

May 12, 2021

ZOBEL, S.D.J.

Plaintiff, Source One Financial Corporation ("Source One"), is a financial services company that purchases retail installment contracts used to finance the purchases of private passenger automobiles. Defendant, GEICO Indemnity Company ("GEICO"), provides insurance for such automobiles. Pursuant to Massachusetts regulations, a standard automobile insurance policy provides that secured creditors or loss payees have rights of recovery against the insurance policy in the case of damages to a vehicle. If a car is a total loss the insurer often tenders the value of the vehicle to the secured creditor. Plaintiff asserts that defendant's calculation thereof does not accord with the regulation and it seeks a declaratory judgment defining the correct methodology for ascertaining the value of the total loss vehicles to settle the insurance claims and damages for the improper calculations. The case originated in the state court, defendant removed it to this court based on diversity jurisdiction, and plaintiff now

1

moves to remand because, it says, the matter does not meet the requisite $75,000 jurisdictional amount.

I.     **Legal Standards and the Burden of Proof**

A case is properly removed to federal court pursuant to 28 U.S.C. § 1441 only if the action could originally have been brought in federal court. See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002). In a case based on diversity jurisdiction, the parties must be diverse in citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1).

Defendant, the party seeking to establish federal court jurisdiction, has the burden of establishing its existence. Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004). "A defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. But if the plaintiff contests that allegation, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Hildreth v. Camp Planner Int'l USA Corp., No. CV 19-12355-FDS, 2019 WL 6911672, at *2 (D. Mass. Dec. 19, 2019) (quoting Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87–88 (2014)); see also 28 U.S.C. § 1446(c)(2)(B).[1]

II.    **Discussion**

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Comm'n, 432 U.S. 333, 347 (1977). The party claiming federal

---

[1] Defendant asserts that plaintiff has procedurally defaulted for not presenting its own evidence, but plaintiff does not need to present independent evidence if its argument is supported by evidence already before the court. In this case, that evidence is the initial demand letter and the complaint itself.

2

court jurisdiction must demonstrate that the value of the declaration is sufficiently measurable to satisfy the amount in controversy requirement. See South Florida Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1316 (11th Cir. 2014).  Here, plaintiff's one-count complaint seeks a declaration that GEICO's methodology for determining the actual cash value of totaled vehicles does not comply with Massachusetts regulations and "damages to be determined through summary judgment or trial." The complaint references only twenty[2] total loss claims, and at the hearing on this motion, plaintiff volunteered to sign a stipulation limiting damages to less than $75,000.[3] Nevertheless, "the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004).  The complaint states that GEICO utilizes a flawed formula "in every total loss claim in Massachusetts." Defendant offers evidence that the parties have settled 229 claims in the last six years. Plaintiff's demand letter states that GEICO "deceptively under-values each total loss vehicle to an estimated average of $1,750.00 - $2,500.00 per claim." Accordingly, I find that plaintiff stands to benefit more than $75,000 from the declaratory judgment at issue in this case.[4]

---

[2] After defendant removed the matter to this court, plaintiff amended the complaint, Docket # 16, and limited its claim to ten total loss settlements. Nonetheless, "events occurring subsequent to removal which reduce the amount recoverable, whether beyond plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938); see also Magerer v. John Sexton & Co., 912 F.2d 525, 529 (1st Cir. 1990).
[3] While post-removal stipulations may not be used to deprive the court of existing jurisdiction, see Hampton v. Safeco Ins. Co. of America, 614 Fed. Appx. 321, 324 (6th Cir. 2015); Yong Qin Luo v. Mikel, 625 F.3d 772, 776 (2d Cir. 2010), they can be helpful to clarify the amount in controversy. See Shupe v. Asplundh Tree Expert Co., 566 Fed. Appx. 476, 481 (6th Cir. 2014).
[4] The value of the object of the litigation is sufficient to establish the jurisdictional amount. I therefore do not reach defendant's other arguments regarding jurisdiction.


## III.    Conclusion

The motion to remand (Docket # 6) is DENIED.  The parties may submit any supplemental briefing on the pending motion to dismiss (Docket # 17) on or before June 2, 2021.

    May 12, 2021
        DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE