UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-11371-RWZ

SOURCE ONE FINANCIAL CORPORATION

v.

GEICO INDEMNITY COMPANY

<u>MEMORANDUM & ORDER</u>

June 30, 2021

ZOBEL, S.D.J.

Plaintiff Source One Financial Corporation ("Source One") is a financial services company that purchases contracts used to finance private passenger automobiles. Defendant Geico Indemnity Company ("GEICO") underwrites the insurance policies for such automobiles. Plaintiff alleges that GEICO does not strictly comply with a Massachusetts regulation, 211 CMR 133.05,[1] when it determines the value of vehicles deemed a total loss. It seeks a declaration to that effect and damages for ten specific

---

[1] <u>Actual Cash Value</u>. Whenever the appraised cost of repair plus the probable salvage value may be reasonably expected to exceed the actual cash value of the vehicle, the insurer shall determine the vehicle's actual cash value. This determination shall be based on a consideration of all the following factors:
(a) the retail book value for a motor vehicle of like kind and quality, but for the damage incurred;
(b) the price paid for the vehicle plus the value of prior improvements to the motor vehicle at the time of the accident, less appropriate depreciation;
(c) the decrease in value of the motor vehicle resulting from prior unrelated damage which is detected by the appraiser; and
(d) the actual cost of purchase of an available motor vehicle of like kind and quality but for the damage sustained.

1

total loss claims.  Defendant moves to dismiss for failure to state a claim for a declaratory judgment.  Docket # 17.

## I. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## II. Discussion

"A claim for declaratory relief is 'properly brought' where the plaintiff demonstrates that an actual controversy exists, that the plaintiff has legal standing to sue, and that all necessary parties have been joined." Buffalo-Water 1, LLC v. Fidelity Real Estate Co., LLC, 481 Mass. 13, 18, 111 N.E.3d 266, 272 (2018) (citations omitted). The amended complaint falls short with respect to standing and joinder.

### a. Standing

Plaintiff asserts that it has standing because it can allege an injury within the area of concern of the statute or regulatory scheme under which the injurious action has occurred.  Specifically, Source One claims that GEICO improperly calculates that actual cash value of totaled vehicles, in violation of Massachusetts regulation, and therefore underpays plaintiff on total loss claims.  Nevertheless, "it is not enough that the plaintiff be injured by some act or omission of the defendant; the defendant must additionally have violated some duty owed to the plaintiff." Enos v. Sec'y of Env't Affs., 731 N.E.2d 525, 528 (Mass. 2000) (internal quotations and citations omitted).

Source One alleges that GEICO violated 211 CMR 133, which is a violation of Mass. Gen. Laws ch. 176D.  See 211 CMR 133.08.  There is, however, no private right of action under ch. 176D.  See Silva v. Steadfast Ins. Co., 35 N.E.3d 401, 405 (Mass. App. Ct. 2015).  The only mechanism for plaintiff to hale defendant into court for a violation of ch. 176D is to assert a ch. 93A claim.  Id. ("To proceed against an insurer who has violated G.L. c. 176D, § 3(9), a plaintiff must bring a claim under G.L. c. 93A, § 9 or § 11.").  The amended complaint does not reference ch. 93A and plaintiff's opposition to the motion to dismiss asserts that it can bypass ch. 93A allegations in a declaratory judgment action.

The Massachusetts declaratory judgment statute, Mass. Gen. Laws ch. 231A, is not an independent basis for standing.  See Enos, 731 N.E.2d at 528.  To proceed in a declaratory judgment suit, the underlying statute or regulation must contain a private right of action available to the plaintiff.  See Serv. Emps. Int'l Union, Loc. 509 v. Dep't of Mental Health, 14 N.E.3d 216, 227 (Mass. 2014) ("[A] party may not seek declaratory relief to effect an 'end run' around the absence of a private right of action. . . .").  The amended complaint does not demonstrate that plaintiff has standing to bring this action and therefore fails to state a claim for declaratory relief.

    b. Joinder

The Massachusetts joinder rule provides:

> "[a] person . . . shall be joined as a party in the action if . . . he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . (i) impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

Mass. R. Civ. P. 19. The amended complaint references ten vehicle owners whose total loss claims were allegedly evaluated incorrectly by GEICO. The owners have a clear interest in the outcome of this dispute because it would entitle them to seek money damages for underpaid claims. Without their inclusion as plaintiffs in this action, any judgment would have no binding effect on them. See Mass. Gen. Laws ch. 231A, § 8 ("When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."). Because the vehicle owners would therefore be able to institute their own subsequent actions seeking declarations and money damages from defendant, the Massachusetts declaratory judgment statute requires them to be joined as plaintiffs in this action.

### III. Conclusion

The motion to dismiss (Docket # 17) is ALLOWED.

_____
June 30, 2021
DATE

_____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE